Document Number Case Number
04-C-0394-C
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
08/09/2004 04:56:14 PM CDT

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WISCONSIN ALUMNI RESEARCH FOUNDATION, a Wisconsin corporation,<br><br>Plaintiff,<br><br>v.<br><br>INFINEON TECHNOLOGIES AG, a Germany corporation, INFINEON TECHNOLOGIES NORTH AMERICA CORP., a Delaware corporation,<br><br>Defendants. | Case No. 04 C 0394 C<br><br>**DEFENDANT INFINEON TECHNOLOGIES NORTH AMERICA CORP.'S BRIEF IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>**Honorable Barbara B. Crabb** |

## I.     INTRODUCTION

The Wisconsin Alumni Research Foundation ("WARF") accused IFNA and Infineon Technologies AG (collectively "the Infineon Companies") of infringement of its U.S. Patent No. 4,630,094 ("the '094 patent"), and ultimately threatened them with litigation. Consequently, the Infineon Companies filed a declaratory judgment action for non-infringement and invalidity of the '094 patent on April 19, 2004 in the Southern District of California. More than two months later, on June 21, 2004, WARF filed this action on the same patent against the Infineon Companies.

This Court, however, lacks personal jurisdiction over IFNA.[1] IFNA does not have a place of business in Wisconsin, is not licensed to conduct business in Wisconsin, and has not

---

[1] Defendant Infineon Technologies AG has not yet been served the complaint in the instant action. This motion is filed solely on behalf of IFNA.

sold the allegedly infringing product in Wisconsin.  Accordingly, the instant action must be

dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).

## II.    STATEMENT OF FACTS

### A.    The Parties.

Infineon Technologies AG ("Infineon AG") is located in Munich, Germany and is a

leading innovator and developer in the international semiconductor industry.  IFNA,

headquartered in San Jose, California, is a wholly owned subsidiary of Infineon AG, and, among

other things, distributes Infineon products in the United States.

WARF patents and licenses the inventions of researchers and professors at the University

of Wisconsin-Madison.

### B.    The Case and Controversy.

WARF alleges that it owns U.S. Patent No. 4,630,094, entitled "Use of Metallic Glasses

for Fabrication of Structures with Submicron Dimensions."  The '094 patent issued on December

16, 1986 and expired in December of 2003.  [Declaration of Gabriel M. Ramsey ("Ramsey

Decl."), ¶ 6]

WARF had offered Infineon AG a license to the '094 patent under particular terms and

conditions that were unacceptable to Infineon AG, and Infineon AG has asserted that it does not

need a license to the WARF patent.  However, the parties continued to communicate on the

subject.  [Ramsey Decl., ¶ 6]  In February of 2004, representatives of the Infineon Companies

met with counsel for WARF in Munich.  At that meeting, WARF alleged that the Infineon AG

semiconductor device, the PMB 7850,[2] infringed certain claims of the '094 patent, and again

---

[2] The product is referred to herein as "PMB 7850," but is also known as the "E-Gold+ V3"
product.  WARF incorrectly refers to the product in its Complaint as "PMB 7850E."

WARF demanded that the Infineon Companies take a license, indicating that it was likely to file a lawsuit once its pending case against Sony and Toshiba was concluded. [*Id.* at ¶ 7] Negotiations and discussions continued over the next several weeks to no avail. [*Id.* at ¶¶ 8-9] On April 9, 2004, WARF informed the Infineon Companies that it would file an infringement suit against an entity that had refused to license the '094 patent and indicated that the Infineon Companies would be among those who might be sued. [*Id.* at ¶ 10]

Faced with an immediate and real threat, on April 19, 2004, the Infineon Companies filed an action in the Southern District of California,[3] seeking a judgment declaring that the '094 patent is invalid, unenforceable, and not infringed. WARF filed the instant action two months later, on June 21, 2004 and served the complaint on IFNA on July 6, 2004; Infineon Technologies AG has not yet been served.

WARF filed a motion to transfer the Infineon Companies' action in the Southern District of California, pursuant to 28 U.S.C. §1404(a). On July 27, 2004, Judge Hayes of the District Court for the Southern District of California granted WARF's motion to transfer that case to this district *solely* on "convenience" grounds. Judge Hayes did not make any determination as to whether there would be personal jurisdiction in Wisconsin over either IFNA or its parent, Infineon AG, and that issue was not briefed by any party. [Ramsey Decl., Ex. 8] Rather, because the action in San Diego was brought by the Infineon Companies, the only pertinent jurisdictional issue addressed to the court's convenience analysis was whether the plaintiff Infineon Companies could have brought the declaratory action against WARF in Wisconsin, *not* whether Wisconsin jurisdiction was proper as to the Infineon Companies.

---

[3] The Infineon Companies filed suit in San Diego, in the Southern District of California, as WARF could be served at its offices there, and it was the venue closest to the Northern District of California, where IFNA is located.

In fact, WARF appeared to be wholly cognizant that there could be serious questions whether jurisdiction could be found as to the Infineon Companies in Wisconsin, stating in its briefing to the San Diego court: " . . . . Infineon may try to argue that the action could not have been brought in the Western District of Wisconsin since Infineon, itself, is not subject to personal jurisdiction in that forum. But it matters not whether the plaintiff (here Infineon) could have been sued in the transferee district, the only requirement is that the defendant (here WARF) could have been sued in the transferee district." [Ramsey Decl., Ex. 9 (WARF's Motion To Transfer, at p. 3)]

Despite its awareness of the jurisdictional problems, WARF sued the Infineon Companies in this Court. Neither of the Infineon Companies have ever made, used, offered to sell, sold, imported, prepared or caused to be sold the PMB 7850 product in the state of Wisconsin. [Declaration of Manfred Omenzetter ("Omenzetter Decl."), ¶¶ 4-7; Declaration of Eric Roberts ("Roberts Decl."), ¶ 4] Rather, the PMB 7850 is a chip used in cellular telephones, which is sold from Germany by Infineon AG *solely* to customers residing in Germany and the Far East who then incorporate the chip into their phones. [Omenzetter Decl., ¶ 5] IFNA does not distribute the PMB 7850 in Wisconsin, or even in the United States. [Omenzetter Decl., ¶¶ 4-7; Roberts Decl., ¶ 4] None of WARF's correspondence regarding the dispute has even come from Wisconsin, but rather from WARF's Chicago-based counsel. [Ramsey Decl., Exs. 5-7, 11]

None of IFNA's 2800 U.S. employees are in Wisconsin. [Omenzetter Decl., ¶ 3] IFNA performs no research, development or manufacturing in Wisconsin and has no sales facilities or other property in Wisconsin. [*Id.*] IFNA is not registered to do business in Wisconsin and does

not have any bank accounts in Wisconsin. [*Id.*] The only sales of unrelated IFNA products in Wisconsin amount only to .0016% of IFNA's U.S. sales.[4] [*Id.*; Roberts Decl., ¶ 5]

## III.  THIS ACTION MUST BE DISMISSED BECAUSE THERE IS NO PERSONAL JURISDICTION OVER IFNA IN THE WESTERN DISTRICT OF WISCONSIN.

Under Federal Rule of Civil Procedure 12(b)(2), an action must be dismissed if the Court lacks personal jurisdiction over a party. There are two sets of requirements to be considered with respect to the issue of personal jurisdiction. First, the provisions of the state's long arm statute must be considered. Second, regardless whether or not the long-arm statute is met, the exercise of jurisdiction must meet constitutional requirements of due process.

Under the constitutional analysis, courts must consider whether the exercise of "specific jurisdiction" or "general jurisdiction" would violate due process. Specific jurisdiction is available only where the cause of action relates to or arises from a defendant's alleged contacts with a particular state. General jurisdiction may apply where the dispute does not arise from a party's contacts with a jurisdiction, however the burden is extremely high and the party may be subject to general jurisdiction only where its contacts with a particular state are direct, significant, continuous and systematic.

In this case, this court does not have personal jurisdiction over IFNA because the requirements of Wisconsin's long-arm statute are not met and IFNA does not have sufficient contacts with the state to comply with constitutional due process. The instant action does not arise from any alleged contacts between IFNA and Wisconsin, as the accused product is not even sold in the United States. Thus, the exercise of specific jurisdiction would violate due process. Further, IFNA does not have sufficient contacts with the forum to meet the high burden and

---

[4] IFNA's overall U.S. Sales are $1.62B, while sales of unrelated products in Wisconsin are only $2.6M (i.e., .0016% of overall sales).

extensive presence required for the exercise of general jurisdiction.  The action must therefore be dismissed.

**A.    Federal Circuit Law Controls The Analysis Of Personal Jurisdiction In A Patent Infringement Action.**

WARF bears the burden of making a *prima facie* showing that the Court has personal jurisdiction over IFNA.  *See Knot Just Beads v. Knot Just Beads, Inc.*, 217 F. Supp. 2d 932, 933 (E.D. Wis. 2002) ("[p]laintiff has the burden of proving that personal jurisdiction exists . . .").  In patent infringement suits, Federal Circuit law, rather than the law of the regional circuit is dispositive of this issue.  *See Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998) (*citing Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564-65 (Fed. Cir. 1994)).  While the Federal Circuit has held that it will defer to a state's interpretation of its state long-arm statute, "when analyzing personal jurisdiction for purposes of compliance with federal due process, Federal Circuit, . . . . law applies."  *3D Systems, Inc. v. Aarotech Lab., Inc.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998).  In order to establish that this Court has jurisdiction over IFNA, a Delaware corporation with its principal place of business in San Jose, California, WARF must make a showing that:  (1) the Wisconsin long-arm statute, Wis. Stat. §801.05, is applicable to IFNA; and (2) the application comports with the due process requirements of the Constitution.  *See Beverly Hills Fan Co.*, 21 F.3d at 1556-70 (applying two-step analysis).

While Wisconsin's long-arm statute extends personal jurisdiction to the fullest extent permitted by due process; *see Knot Just Beads v. Knot Just Beads, Inc.*, 217 F. Supp. 2d 932, 933 (E.D. Wis. 2002), it is appropriate to analyze the two prongs separately.  *See Beverly Hills Fan*, 21 F.3d at 1569 n.23.

**B.    WARF Alleges In Its Complaint Only Two Purported Bases For Personal Jurisdiction, Both Of Which Fail.**

In its complaint, WARF alleges "upon information and belief" as the sole purported bases for jurisdiction that: "The defendants are selling and offering for sale the PMB 7850E in the United States, and in this judicial district. Also, Infineon conducts substantial activities in Wisconsin by maintaining a Representative Office in Wisconsin." [Ramsey Decl., Ex. 10 (WARF Complaint, ¶ 8)]

Both allegations are wrong. Neither of the Infineon Companies have ever made, used, offered to sell, sold, imported, prepared or caused to be sold a single PMB 7850 product anywhere in the state of Wisconsin. [Omenzetter Decl., ¶¶ 4-7; Roberts Decl., ¶ 4] In fact, the PMB 7850 is a baseband chip used in cellular telephones and sold from Germany by Infineon AG only to customers residing in Germany and the Far East who then incorporate the chip into their phones. [Omenzetter Decl., ¶ 5] IFNA does not distribute the PMB 7850 in the United States, much less Wisconsin. [Omenzetter Decl., ¶¶ 4-7; Roberts Decl., ¶ 4] Thus, there is simply no connection whatsoever between the state of Wisconsin and WARF's claim of infringement of the '094 patent.

Further, the purported "Representative Office" is not an IFNA facility at all, but a completely independent third-party manufacturer's representative company, called "TEQ Sales," which serves the multi-state area of Illinois and the south-eastern portion of Wisconsin. [Roberts Decl., ¶¶ 2-3] TEQ Sales is an Illinois corporation that acts as a manufacturers' representative in Illinois and a portion of Wisconsin for approximately 14 different companies, only one of which is IFNA (TEQ Sales does not have a relationship with Infineon Technologies AG). [*Id.* at ¶ 2] Approximately two-thirds of all sales generated by TEQ Sales occur in Illinois, not Wisconsin. [*Id.* at ¶ 2] TEQ Sales' sales of IFNA products in Wisconsin are completely unrelated to the

patented technology. Not only has TEQ Sales not sold the PMB 7850 in Wisconsin, or any other state, it does not even have any cellular telephone customers in Wisconsin and the Wisconsin TEQ Sales representative had not even heard of the product prior to this litigation. [*Id.* at ¶¶ 4-5] TEQ Sales' sales of completely unrelated IFNA products in Wisconsin amount to only .0016% of IFNA's U.S. sales. [*Id.* at ¶ 5; Omenzetter Decl., ¶ 4] A Court considering jurisdiction under Wisconsin's long-arm statute has characterized similar circumstances as "variable and sparse" contacts with the state, insufficient to confer jurisdiction. *See Kohler Co. v. Titon Indus.*, 948 F. Supp. 815, 817, 821 (E.D. Wis. 1996) (failure of minimum contacts where defendant "maintains independent, nonexclusive sales representative who include Wisconsin in their multi-state territory" but which were not very active in the state). Therefore, WARF's sole alleged bases for jurisdiction fail.

### C.    The Wisconsin Long-Arm Statute Does Not Reach IFNA.

WARF does not cite in its complaint any provision of the Wisconsin long-arm statute that would establish this Court's personal jurisdiction over IFNA. There are, however, only three provisions of the long-arm statute that WARF could even arguably assert are applicable. The Wisconsin long-arm statute provides that a court has jurisdiction where:

1. defendant is "engaged in substantial and not isolated activities within [the] state . . ." *See* Wis. Stat. §801.05(1)(d);

2. there is injury to a person or property "arising out of an act or omission within [the] state by the defendant" *See* Wis. Stat. §801.05(3); or

3. there is "local injury" and a "foreign act" *and* there was either "[s]olicitation or service activities . . . carried on within [the] state by or on behalf of the defendant" or "[p]roducts, materials or things processed, serviced or manufactured by the defendant were used or consumed within [the] state in the ordinary course of trade." *See* Wis Stat. §801.05(4)

There is no personal jurisdiction over IFNA under any of the above prongs.

1.    **IFNA Is Not Engaged In "Substantial And Not Isolated" Activities In Wisconsin.**

First, IFNA does not have "substantial and not isolated activities" in Wisconsin, within the meaning of §801.05(1)(d).  There are five factors that Wisconsin courts consider in making this determination:  "(1) the quantity of contacts, (2) the nature and quality of the contacts, (3) the source of the contacts and their connection with the cause of action, (4) the interests of the State of Wisconsin, and (5) the convenience of the parties.  These factors are to be considered "with an eye toward determining the reasonableness of subjecting the nonresident defendant to suit in Wisconsin."  *International Communications, Inc. v. Rates Technology, Inc.*, 694 F. Supp. 1347, 1350 (E.D. Wis. 1988).  In this case, each factor demonstrates that subjecting IFNA to litigation in this forum would violate due process.

Indeed, IFNA's activities in Wisconsin are, at best, variable and sparse, and significantly, there are no allegedly infringing sales in the State.  Indeed, there has not been a single sale or offer for sale of the PMB 7850 product anywhere in the State of Wisconsin, or even the United States.  [Omenzetter Decl., ¶¶ 4-7; Roberts Decl., ¶ 4]  The only sale of IFNA products in the State have been unrelated to this dispute, were made by an independent third-party, and constitute a very small portion of IFNA's business.  [Roberts Decl., ¶¶ 2-5; Omenzetter Decl., ¶¶ 4, 6]  Thus, the quantity, nature, quality and source of contacts weighs against exercise of jurisdiction, as does the fact that there is no connection between IFNA's limited, indirect contacts with the forum and the cause of action.  IFNA's minimal and isolated activities are inadequate to meet the requirements of the long-arm statute and are insufficient contacts to confer jurisdiction.  [*See infra* Section III.D. (Due Process analysis)]

Further, the interests of the state of Wisconsin is in itself insufficient to sustain the exercise of jurisdiction under the statute and, because the factor is primarily concerned with

highly regulated state industries or highly dangerous activities, it is inapposite on the issue of

jurisdiction in this case. *See International Communications, Inc. v. Rates Technology, Inc.*, 694

F. Supp. 1347, 1350 (E.D. Wis. 1988). Finally, the issue of convenience of the parties is

"normally accorded weight only in support of a decision declining the exercise of personal

jurisdiction." *Id.* In this case, it is certainly inconvenient for IFNA, which is located in Northern

California, to litigate in the distant forum of Wisconsin. Accordingly, this factor weighs against

the exercise of jurisdiction under the long-arm statute.

> **2.    The Cause Of Action Does Not Arise Out Of Any Act Or Omission By
> IFNA In Wisconsin.**

Because there are no allegedly infringing sales in the State, there is no relevant "act or

omission" within Wisconsin, pursuant to § 801.05(3). Under the patent laws, the "tort" of patent

infringement occurs where the alleged offending act is committed. *See North Am. Phillips v.

American Vending Sales, Inc.*, 35 F.3d 1576, 1578-79 (Fed. Cir. 1994). In its complaint, WARF

makes only general and vague allegations that the Infineon Companies have infringed the '094

patent in the Western District of Wisconsin and elsewhere in the United States. The fact is,

however, that neither IFNA or Infineon AG made, used, sold, offered to sell, imported, prepared

or caused to be sold the PMB 7850 product in Wisconsin. Accordingly, this second prong of the

long-arm statute does not reach IFNA (or Infineon AG).

> **3.    There Is No "Local Injury" Within The Meaning Of The Statute And
> IFNA Has Not Engaged In "Solicitation Or Service Activities" Nor
> Does It Meet The "Ordinary Course Of Trade" Provision.**

Finally, WARF might attempt to allege a "local injury" and a "foreign act," under §

801.05(4). However, it is settled that application of this provision in the context of a patent case

requires a sale of an allegedly infringing product *within the state*, in order to constitute "local

injury." Indeed, it has been observed that

> [w]ith respect to the statutory requirement that plaintiff suffer an injury in
> Wisconsin, the situs of the injury in a patent case is the location or locations at
> which the infringing activity directly impacts on the interests of the patent-holder.
> *Beverly Hills Fan Co.*, 21 F.3d at 1571. In *Beverly Hills Fan Co.* the alleged
> infringing activity was a sale of the product, and the court held that the location
> where the infringing activity impacted on the interests of the patent-holder was
> the place where the sale occurred. *Id.*

*Wayne Pigment Corp. v. Halox & Hammond Group, Inc.*, 220 F. Supp. 2d 931, 934 (E.D. Wis.

2002). In the instant case it is clear that there have been no sales or marketing of the accused

PMB 7850 product in Wisconsin, whatsoever. Accordingly, there is no "local injury" within the

meaning of the long-arm statute.

Further, none of the other requirements of the § 801.05(4) are met. First, IFNA has not

engaged in "solicitation or service activities" within the meaning of the statute. According to

Wisconsin law, before such events trigger the long-arm statute, they "must be made by the

defendant to the plaintiff, and the defendant must expect some financial benefit." *Federated

Rural Elec. Ins. Corp. v. Inland Power & Light Co.*, 18 F.3d 389, 393 (7th Cir. 1994); *see also

Nelson v. Bulso*, 979 F. Supp. 1239, 1249 (E.D. Wis. 1997) (defendant's solicitation or service

activities to plaintiff must be conducted *at the time of the injury* in Wisconsin). In the instant

case there have been absolutely no such solicitation or service activities by IFNA directed at

WARF with respect to the accused product or otherwise. Moreover, IFNA has not even engaged

in any advertisement or sales efforts of the PMB 7850 within the State whatsoever. For these

reasons the "solicitation or service activities" provision of the long-arm statute does not reach

IFNA.

Second, while IFNA products completely unrelated to the lawsuit may be "used or

consumed" in the state, it is clear that the analysis under § 801.05(4) is one of "specific

jurisdiction." *See Wayne Pigment Corp. v. Halox & Hammond Group, Inc.*, 220 F. Supp. 2d

931, 934 (E.D. Wis. 2002) (§801.05(4) analyzed as a application of "Specific Jurisdiction"); *see*

*also Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 788-89 (7th Cir. 2003)

("stream of commerce" theory pertinent only to specific jurisdiction). That is, in order to

exercise jurisdiction, the defendants contacts with the state must give rise to the cause of action.

[*See infra* Section III.D.1. (discussing constitutional constraints on specific jurisdiction)] This is

not the case here, as the only accused product is sold only in Germany and the Far East. IFNA

has never directed the PMB 7850 product into Wisconsin, or even the United States.[5] Thus,

jurisdiction is lacking under this provision of the long-arm statute as well.

> **D.**    **The Infineon Companies Do Not Have Sufficient Minimum Contacts With The State Of Wisconsin To Comply With Constitutional Due Process.**

A court's exercise of personal jurisdiction over a nonresident defendant is consistent with

due process only if a defendant has sufficient "minimum contacts" with the forum state such that

"the maintenance of a suit does not offend traditional notions of fair play and substantial justice."

*North Am. Phillips v. American Vending Sales, Inc.*, 35 F.3d 1576, 1580 (Fed. Cir. 1994)

(*quoting International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945)). It

is the quality of the contacts, rather than the quantity, that is important in a minimum contacts

analysis. *See id.* Accordingly, even if the Court found that provisions of the long-arm statute

were facially met, WARF's attempt to bring IFNA into this Court must fail, as IFNA does not

have sufficient minimum contacts with the State to satisfy due process. *See International*

*Communications, Inc. v. Rates Technology, Inc.*, 694 F. Supp. 1347, 1350 (E.D. Wis. 1988)

(Wisconsin long-arm statute is coextensive with the requirements of due process). Under such

circumstances, the failure of minimum contacts and due process also constitutes a failure under

---

[5] To the extent that any companies in Germany or the Far East deliver telephones incorporating the PMB 7850 to Wisconsin, if any actually do so, it is clear that neither IFNA nor Infineon AG have any control over such activity. IFNA cannot be expected to be haled into court in Wisconsin as a result of sales in Germany or, for example, Taiwan.

the long-arm statute. *See Kohler Co. v. Titon Indus.*, 948 F. Supp. 815, 816, 821 (E.D. Wis. 1996) (defendant did not have sufficient contacts with Wisconsin to comport with due process; thus plaintiff failed to establish personal jurisdiction under long-arm statute).

### 1.    Because The Cause Of Action Does Not Relate To Or Arise From Any Contacts With Wisconsin, There Is No "Specific Jurisdiction."

In order to exercise specific jurisdiction, IFNA's contacts with Wisconsin must be "such that [it] should reasonably anticipate being haled into court there." *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358-59 (Fed. Cir. 1998) (*quoting World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559 (1980)). Under the minimum contacts test, when a cause of action "'arises out of or relates to' those contacts, a court may properly assert [specific] personal jurisdiction, even if those contacts are 'isolated and sporadic.'" *Id.* at 1359 (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S.Ct. 2174 (1985)). However, it is an absolute requirement for the exercise of such specific jurisdiction, that the plaintiff's claim actually relate to or arise from any contacts defendant has with the forum. *See 3D Sys. v. Aarotech Lab.*, 160 F.3d 1373, 1378 (Fed. Cir. 1998) (specific jurisdiction only appropriate where "claim arises out of or relates to" defendant's activities in forum).

As already demonstrated, *none* of IFNA's activities constitute alleged patent infringement in Wisconsin. Moreover, IFNA has not directed any activities with respect to the PMB 7850 at Wisconsin. [Roberts Decl., ¶¶ 4-5; Omenzetter Decl., ¶¶ 4-7] As such, WARF's complaint is not related to any alleged contacts between IFNA and Wisconsin, and IFNA could not have reasonably anticipated defending a patent suit in a state where it has never sold, made,

used or manufactured the allegedly infringing product. To force IFNA to defend such a suit in Wisconsin offends the notion of fair play and substantial justice.[6]

Further, WARF may attempt to argue that litigation related and settlement communications somehow confer jurisdiction. Such assertions must be rejected. *See Versatile Plastics, Inc. v. Sknowbest! Inc.*, 247 F. Supp. 2d 1098, 1102-03 (E.D. Wis. 2003) (litigation related notice letters and contacts between defendant's attorney and forum were insufficient to establish minimum contacts). In any event, in this case the Infineon Companies did not even receive notice letters from Wisconsin. [*See* Ramsey Decl., Exs. 5, 6, 7, 11] Rather, the letters came from WARF's counsel in Illinois and the Infineon Companies' counsel (in-house and outside) have had no contact with anyone from Wisconsin, even by telephone. For all of the foregoing reasons, this case should be dismissed for lack of jurisdiction.

### 2. IFNA Does Not Have Sufficiently Continuous And Systematic Contacts To Meet The Stringent Requirements For "General Jurisdiction."

Neither does general jurisdiction exist over IFNA in Wisconsin. General jurisdiction exists only if the defendant's contacts with a forum are sufficiently continuous and systematic.

---

[6] Further, even if cellular telephones incorporating the PMB 7850 are independently directed into the United States or Wisconsin by Infineon's entirely autonomous European or Asian customers, that fact still does not confer specific jurisdiction over IFNA in Wisconsin. *See Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361-1362 (Fed. Cir., 1998) ("doing business with a company that does business in [a forum] is not the same as doing business [in that forum]."). Indeed, the test for specific jurisdiction is whether availment of the forum is "purposeful." It is well-established that mere foreseeability that product could enter forum is not enough. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295, 100 S. Ct. 559 (1980) ("[F]oreseeability alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause."); *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112, 107 S. Ct. 1026 (1987) ("The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State."). Here, IFNA does not direct PMB 7850 to Wisconsin in any way, nor does Infineon AG. Thus, the theory of specific jurisdiction fails.

*See 3D Sys. v. Aarotech Lab.*, 160 F.3d 1373, 1378 (Fed. Cir. 1998) (*citing Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16, 104 S.Ct. 1868 (1984)).  But, the threshold level of "minimum contacts" to confer general jurisdiction is significantly higher than that required for specific jurisdiction.  *See Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003) ("the constitutional requirement for general jurisdiction is 'considerably more stringent' than that required for specific jurisdiction"); *see also Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,* 223 F.3d 1082, 1086 (9th Cir. 2000) (General jurisdiction "requires that the defendant's contacts be of the sort that approximate physical presence").  Indeed, the mere fact that products of a party reach a jurisdiction through the "stream of commerce" cannot be the basis for general jurisdiction.  *See Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 788-89 (7th Cir. 2003) (stream of commerce theory relevant only to exercise of specific jurisdiction "it provides no basis for exercising general jurisdiction").

IFNA's contacts with Wisconsin are too remote to confer general jurisdiction.  The Infineon Companies do not have a place of business and are not registered to do business in Wisconsin.  [Omenzetter Decl., ¶ 3]  This weighs against exercise of jurisdiction.  *See Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414-16 (1984) (lack of place of business or being licensed to conduct business in forum weighs against jurisdiction).  Moreover, IFNA has no employees in Wisconsin.  [Omenzetter Decl., ¶ 3]  This too, weighs against exercise of jurisdiction.  *See Kohler Co. v. Titon Indus.*, 948 F. Supp. 815 (E.D. Wis. 1996) (lack of employees in state weighed against jurisdiction).

TEQ Sales, an independent third party incorporated in Illinois is a distributor of certain Infineon products in Illinois and the south-eastern portion of Wisconsin, but TEQ Sales does not distribute the allegedly infringing PMB 7850 product in Wisconsin or anywhere else in its

distribution territory. [Roberts Decl., ¶¶ 2-4]  In fact, TEQ Sales does not even maintain any inventory of *any* IFNA products in the state, completely controls who it will sell products to and maintains customer relationships wholly independent of IFNA.  [Roberts Decl., ¶ 3]  Subjecting a defendant to jurisdiction in such circumstances is inappropriate.  *See e.g. Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1198 (4th Cir. 1993) (fact that defendant's representatives in the state did not sell accused products weighed against jurisdiction); *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361-62 (Fed. Cir. 1998) (with respect to jurisdictional issues "the unilateral activity of another party or third person" are not attributable to a defendant); *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 788-89 (7th Cir. 2003) (mere fact that products unrelated to litigation enter state through commerce "provides no basis for exercising general jurisdiction").[7]

IFNA is only 1 of 14 companies with which TEQ Sales has a relationship and approximately two-thirds of its sales are in Illinois, rather than Wisconsin.  [Roberts Decl., ¶ 2]  Where, as here, a defendant has only an "independent, nonexclusive sales representative who include Wisconsin in their multi-state territory" and which does relatively little business in the State, exercise of jurisdiction is improper.  *Kohler Co. v. Titon Indus.*, 948 F. Supp. 815 (E.D. Wis. 1996); *see also Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361-1362 (Fed. Cir., 1998) ("doing business with a company that does business in [a forum] is not the same as doing business [in that forum].").  Moreover, sales of IFNA products in Wisconsin (none of which are accused of infringing the WARF patent) constitute an insubstantial .0016 percent of IFNA's total U.S. business.  [Roberts Decl., ¶ 5; Omenzetter Decl., ¶ 4]

---

[7] Indeed, even jurisdictional contacts of a subsidiary are not imputed to a corporate parent. *See Purdue Research Found. v. Sanofi-Sythelabo, S.A.*, 338 F.3d 773, 788 (7th Cir. 2003).  Thus, it is even more inappropriate to impute jurisdictional contacts of an independent third party.

Under such circumstances, Courts have refused to exercise general jurisdiction. For example, one Court observed that:

> In the instant case there are insufficient contacts to justify general jurisdiction. . . . [Defendant] does not have offices in [the forum], is not registered to do business here, does not own property here, and has paid no taxes here. [Defendant] does not manufacture its product in [the forum] and does not have any employees based here. [Defendant] has minimal contacts with [the forum]. For example, [Defendant] sells its products in [the forum] through three independent distributors. While those dealers advertise [Defendant's] products in [the forum], they also advertise products of other manufacturers. More importantly, those distributors are independent of [the Defendant]. The products that [Defendant] has shipped into [the forum], which do not contain the claimed invention, constitute approximately 3% of [Defendant's] total sales volume. In addition, [Defendant's] employees have made isolated visits to [the forum], but these visits have been unrelated to the [asserted] patent. The above cited facts, taken together with other facts alleged by [Plaintiff], are insufficient to establish "'substantial' or 'continuous and systematic' contacts with the forum state." . . . . Accordingly, this Court cannot assert general jurisdiction over [Defendant].

*See Stairmaster Sports/Med. Prods., Inc. v. Pacific Fitness Corp.*, 916 F. Supp. 1049 (W.D. Wash. 1995), *aff'd*, 78 F.3d 602 (Fed. Cir. 1996); *see also Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1198 (4th Cir. 1993) (small percentage—2%—of overall sales made in state weighed against jurisdiction).

IFNA's circumstances are virtually identical to the defendant in the *Stairmaster* case. IFNA does have offices or property in the state and is not registered to do business in Wisconsin. [Omenzetter Decl., ¶ 3] IFNA does not manufacture any product in Wisconsin, and has no employees in the state. [*Id.*] While the existence of three independent distributors in *Stairmaster* was insufficient to confer general jurisdiction, IFNA has a relationship with only one distributor in this state. [*Id.* at ¶ 6] That distributor, TEQ Sales, also distributes the products of a number of other companies, is completely independent and has control over its own sales activities, like the distributors in *Stairmaster*. [Roberts Decl., ¶ 3] The small amount of sales of IFNA products that do occur in Wisconsin do not include the accused product and constitute much less than the

3% of overall U.S. sales which was insufficient to confer jurisdiction in the *Stairmaster* case. [*Id.* at ¶ 5; Omenzetter Decl., ¶ 4]  Because IFNA does not have sufficient connections with Wisconsin to satisfy due process, the case must be dismissed for lack of jurisdiction.

## IV.    CONCLUSION

Despite the fact that IFNA does not distribute or market the accused product in any way in Wisconsin and has no "presence" in Wisconsin, WARF has inappropriately attempted to subject IFNA to the jurisdiction of this Court.  IFNA could not reasonably expect to be haled into this court for alleged infringement of a product sold only in Germany and the Far East.  Thus, WARF's filing of a complaint in this district does not comport with Due Process and does not meet the requirements of Wisconsin's long-arm statute.  Therefore, IFNA respectfully requests that this Court dismiss WARF's complaint for lack of jurisdiction.  To the extent that WARF wishes to pursue this action, it should file a complaint in a court that has personal jurisdiction over IFNA, such as the Northern District of California, the Eastern District of Virginia, or the District of Delaware where IFNA resides.

Dated: August 9, 2004

ORRICK, HERRINGTON & SUTCLIFFE LLP

_____

G. Hopkins Guy III (Ca Bar No. 124811) (*pro hac vice*)
Melissa A. Finocchio (Ca Bar No. 150632) (*pro hac vice*)
Gabriel M. Ramsey (Ca Bar No. 209218) (*pro hac vice*)
1000 Marsh Road
Menlo Park, CA 94025
Telephone:    (650) 614-7400
Facsimile:    (650) 614-7401


AXLEY BRYNELSON, LLP
Michael J. Modl
Andrew J. Clarkowski
2 East Mifflin Street, Suite 200
P.O. Box 1767
Madison, WI 53701-1767
Telephone:  (608) 257-5661
Facsimile:   (608) 257-5444


Attorneys for Defendant
INFINEON TECHNOLOGIES NORTH AMERICA CORP.